IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE THOMAS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action 21-cv- |
| v. | ) | |
| | ) | |
| LVNV FUNDING | ) | |
| LLC and RESURGENT CAPITAL | ) | |
| SERVICES, L.P., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff Valerie Thomas brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges s follows:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendants transact substantial business here.

## **STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant sharing of false information regarding debts with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## PARTIES

5. Plaintiff is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Webbank Fingerhut consumer account (the "Account").

6. Plaintiff used the Account primarily for personal, family, and household purchases.

7. The Account is a "debt" as that term is defined in § 1692a(5) of the FDCPA.

8. Plaintiff is a "consumer" as that term is defined in § 1692a(3) of the FDCPA.

9. Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

10. LVNV buys defaulted consumer debts for pennies on the dollar, then attempts to collect the face value of the debts from consumers via third parties.

11. LVNV maintains a website, www.lvnvfunding.com.

12. At the time of filing of this complaint, LVNV's website read in part as follows:

Your Account Has A New Owner: LVNV Funding

You still owe your debt but the new owner is LVNV Funding. LVNV Funding outsources the management of its portfolio of accounts to a company called Resurgent Capital Services. Resurgent Capital Services is a fully licensed third-party debt collector specializing in the management of these types of consumer assets. Resurgent may contact you directly or may ask one of their collection agency partners to help them reach out to you.

https://lvnvfunding.com (last accessed March 26, 2021).

13. LVNV purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers.

14. LVNV's principal purpose is the collection of defaulted consumer debts.

2

15. LVNV holds a collection agency license from the State of Illinois.

16. LVNV uses interstate commerce and the mails to collect defaulted consumer debts, the collection of which constitutes the principal purpose of its business, and LVNV is thus a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

17. Defendant Resurgent Capital Services L.P., ("Resurgent", and together with LVNV, "Defendants") is a servicer of defaulted consumer debts that collects debts on behalf of purchasers of defaulted consumer debts, such as LVNV in this case, via the mailing of collection letters and telephone communications made to debtors.

18. Resurgent is a South Carolina limited partnership that does or transacts business in Illinois.

19. The management of assets purchased by LVNV is outsourced to Resurgent, a third-party specializing in the management of these types of consumer assets. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf.

20. Resurgent holds a collection agency license from the State of Illinois.

21. Resurgent manages and services charged-off consumer debt portfolios for LVNV and regularly collects or attempts to collect debts on behalf of LVNV.

22. Resurgent is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

23. According to Defendants, Plaintiff incurred charges on the Account but failed to make timely payments, and the Account went into default.

24. According to Defendants, LVNV subsequently acquired the Account from the original creditor.

25. Defendants then began efforts to collect the Account.

26. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, LLC, who, on January 21, 2021, sent a letter to LVNV indicating that Plaintiff disputed the debt. (Exhibit A, Dispute Letter).

27. Defendants received Plaintiff's dispute on February 1, 2021. (Exhibit B, Certified Tracking).

28. Plaintiff's dispute letter stated, in part, that the amount reported on Plaintiff's credit reports was not accurate.

29. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

30. Thereafter, on February 3, 2021, Defendants communicated credit information regarding the Account to the TransUnion consumer reporting agency, including the balance, an account number, and the date reported. (Exhibit C, Redacted Excerpt from Plaintiff's TransUnion Report).

31. Defendants failed to communicate that Plaintiff disputed the Account when they communicated other information to TransUnion regarding the Account.

32. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be**

>   **false, including the failure to communicate that a disputed debt is disputed. . . .**

33. Defendants failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when they knew or should have known about the dispute and communicated other information regarding the Account to TransUnion.

34. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

35. Defendants' false credit reporting adversely impacted Plaintiff's credit reputation and creditworthiness, and defamed Plaintiff's credit reputation.

36. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

37. LVNV bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Resurgent. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

39. Defendants failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the Account to TransUnion.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

/s/ *Daniel Brown*
Daniel Brown (ARDC # 6299184)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

*Attorney for Plaintiff*