```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


Valerie Thomas,                    )
                                   )
        Plaintiff,                 )
                                   )
                                   )
                                   )
                                   )
        v.                         )   No. 21 CV 1948
                                   )
LVNV Funding, LLC, and             )
Resurgent Capital Services,        )
L.C.,                              )
                                   )
        Defendants.                )
```

MEMORANDUM OPINION AND ORDER

Valerie Thomas sued defendants for violation of the Fair Debt Collection Practices Act (FDPCA), 15 U.S.C. § 1692 *et seq.*, claiming that they shared false information regarding her alleged debt with the credit reporting agency, TransUnion. The parties have filed cross-motions for summary judgment. For the reasons that follow, defendants' motion is denied, and plaintiff's motion is granted.

The material facts of this case are undisputed. Plaintiff incurred a consumer debt, and her account went into default after she became unable to pay it. LVNV later became the owner of the defaulted debt, and Resurgent was the servicer responsible for

collection.[1] After Resurgent began collection efforts, plaintiff consulted attorneys, who on January 21, 2021, sent a letter to defendants stating that "the amount reported is not accurate." Pl.'s L.R. 56.1 Stmt. at ¶¶ 17-18. Defendants received the letter on February 1, 2021. On February 3, 2021, defendants reported plaintiff's debt to TransUnion but failed to note that the debt was disputed. TransUnion, in turn, communicated information about plaintiff's debt to additional third parties, including Equifax, Experian, and several of plaintiff's creditors.

The next reporting cycle for plaintiff's account closed on March 3, 2021. At that time, defendants correctly reported that her debt was disputed. Defendants explain that although Resurgent received plaintiff's dispute letter on February 1, 2021, "no one was able to analyze, process, and review" it until February 4, 2021, by which time it had already reported the debt to TransUnion. According to Resurgent's Rule 30(b)(6) witness, it can take up to seven business days for Resurgent's credit review team to review a dispute letter that it receives, and information about a disputed debt may be communicated to third parties in the interim. Holladay Dep., ECF 36-2, at 67. That is indeed what happened in this case: following Resurgent's processes, the dispute team "did what they were supposed to do, notating the account as disputed" in the next reporting cycle.

---

[1] Plaintiff asserts that LVNV "purchased" the debt, while defendants state that LVNV was "assigned ownership" of it. The distinction is immaterial.

2

Heatherly Dep. at 39, ECF 40, 118-119. Resurgent has no policy for correcting, between monthly reporting cycles, information it learns was false when provided. *Id*. at 119.

The FDCPA prohibits the communication of "credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C.A. § 1692e. When a debt collector receives a dispute letter but communicates information about the debt to a credit reporting agency without noting that the debt is disputed, it violates the statute. *Evans v. Portfolio Recovery Assocs*., LLC, 889 F.3d 337, 346 (7th Cir. 2018). The debt collector is liable unless it can establish one of the statute's affirmative defenses, including that the violation was the result of a bona fide error.

Defendants argue that they did not communicate false information regarding plaintiff's debt because although in receipt of plaintiff's dispute letter at the time they reported the debt on February 3, 2021, they did not know of the dispute until the letter was processed the following day. This argument does not survive scrutiny because "[i]n the Seventh Circuit, the FDCPA is a 'strict liability statute.'" *Bass v. I.C. Sys., Inc*., 316 F. Supp. 3d 1047, 1051 (N.D. Ill. 2018) (quoting *Wahl v. Midland Credit Mgmt., Inc*., 556 F.3d 643, 646 (7th Cir. 2009)). Plaintiff is not required to show scienter. *Francisco v. Midland Funding*, LLC, No. 17 C 6872, 2019 WL 1227791, at *2 (N.D. Ill. Mar. 15, 2019). *See also Valenta*

3

*v. Midland Funding, LLC*, No. 17 C 6609, 2019 WL 1429656, at *4 (N.D. Ill. Mar. 29, 2019) ("Debt collectors may not make false claims, period."), quoting *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004)).

*Valenta* is instructive. There, a debt collector received and processed a consumer's fax disputing a debt on a Monday, and it reported the debt to a credit reporting agency the following Friday without indicating that the debt was disputed. The debt collector explained that by the time it processed the consumer's fax, it "had already finalized its list of disputed accounts for that week." *Id.*, 2019 WL 1429656, at *1 (N.D. Ill. Mar. 29, 2019). Rejecting the defendant's invitation to read a "reasonableness" provision into the FDCPA that would give providers of information a seven-day grace period, the court held that the debt collector violated the text of § 1692e.

The scenario here is comparable: despite actually receiving plaintiff's letter on February 1, 2021, defendants ask me to hold that for purposes of § 1692e, they should be deemed to have received the dispute when Resurgent processed plaintiff's letter on February 4, 2021. By defendants' reasoning, because they could not reasonably have known about plaintiff's dispute on February 3, they did not communicate false information when they failed to indicate in their report to TransUnion on that day that her debt was disputed. But

4

this argument is at odds with the law of this circuit as explained in *Valenta* and *Francisco*.

Nor can defendants establish the elements of the bona fide error defense, which applies to "errors like clerical or factual mistakes." *Valenta*, 2019 WL 1429656, at *4 (N.D. Ill. Mar. 29, 2019). To prevail on this defense, defendants must show (1) that the presumed FDCPA violation was not intentional; (2) that the presumed FDCPA violation resulted from a bona fide error; and (3) that it maintained procedures reasonably adapted to avoid any such error." *Evans*, 889 F.3d at 349 (internal quotation marks and citation omitted). Here, the defense falters at the gate since defendants do not claim to have made any error at all. To the contrary, Resurgent's 30(b)(6) witness testified that plaintiff's debt was communicated to TransUnion consistently with company policy. Heatherly Dep., ECF 40, at 39. The failure to report plaintiff's dispute was not the result of a technological glitch or a mistake by an individual employee; it was the product of a policy that "tolerates the risk of violating 15 U.S.C. § 1692e(8) exactly as it did here." *Francisco* 2019 WL 498936, at *5. In *Francisco* (which addressed the same policy examined in *Valenta*) the court explained:

> Locking in reports on Monday and delivering them on Friday means that every dispute received or processed on Tuesday, Wednesday, Thursday, and Friday of the reporting week (of which there are likely thousands) might not be noted in Friday's report to credit bureaus. Francisco's letter fell through the cracks because MCM designed a system with cracks. No reasonable jury could find that MCM's procedure

5

>was "reasonably adapted to avoid" the error that occurred in this case.

*Id.* So too, in this case, Resurgent's system tolerates the communication of false information in cases where disputes arrive at its doorstep at the close of its monthly reporting periods, and it lacks procedures for promptly correcting information it later discovers was false at the time it was communicated to a third party.[2]

Defendants' final argument—that plaintiff lacks standing because she cannot show any negative impact on her credit score as a result of defendants' false reporting—flies in the face of *Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1154 (7th Cir. 2022). In *Ewing*, the court held that when a debt collector provides false credit information about a consumer to a credit reporting agency, the consumer suffers "an intangible, reputational injury that is sufficiently concrete for purposes of Article III standing." In other words, plaintiff's constitutional standing does not depend on proof of damage to her credit score.

---

[2] I am not persuaded by defendants' argument they had no affirmative duty to update credit information they previously provided to reflect plaintiff's dispute. The cases they cite for this argument involved disputes that *arose after* the debt collector reported the debt. *See, e.g., Gordon v. Syndicated Off. Sys., LLC*, No. 16 C 4440, 2017 WL 1134489, at *3 (N.D. Ill. Mar. 27, 2017) (rejecting argument that debt collectors have a continuing duty "to advise consumer reporting agencies that a debt has been disputed, *even when the dispute occurs after the debt collector reports the debt* and the debt collector has not reported the debt since the dispute."). In these cases, the information was not false at the time it was communicated.

6

For the foregoing reasons, defendants' motion for summary judgment is denied. The arguments defendants raise in response to plaintiff's cross-motion are identical to those rejected above. Because nothing in defendants' submissions controverts plaintiff's evidence that defendants violated the FDCPA by communicating false information concerning her alleged debt to TransUnion on February 3, 2021, plaintiff's motion for summary judgment as to liability is granted.

                                      **ENTER ORDER:**

                                      **Elaine E. Bucklo**
                                  United States District Judge

Dated: November 21, 2022