IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21 CV 1948 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| LVNV FUNDING, LLC and | ) | |
| RESURGENT CAPITAL SERVICES, | ) | |
| L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are plaintiff's motion in limine, (Dckt. #64), and defendants' motion in limine, (Dckt. #65). For the reasons that follow, plaintiff's motion is granted on the terms specified below, and defendants' motion is granted in part and denied in part.

### I.    Background

Plaintiff Valerie Thomas filed this case pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, alleging that defendants LVNV Funding, LLC and Resurgent Capital Services, L.P., violated the statute by communicating credit information to a crediting reporting agency that it knew or should have known was false. On November 21, 2022, Judge Elaine Bucklo granted plaintiff's motion for summary judgment, finding that defendants violated the FDCPA by reporting to the credit reporting agency TransUnion that plaintiff had a consumer debt that had gone into default without noting – as plaintiff had previously advised them in writing – that the debt was disputed. *Thomas v. LVNV Funding, LLC*, 642 F.Supp.3d 728 (N.D.Ill. 2022). The parties subsequently filed a joint final pretrial order and separate motions in limine in preparation for a jury trial regarding plaintiff's actual and

1

statutory damages. (*See* Dckt. #64 (plaintiff's motion in limine); Dckt. #65 (defendants' motion in limine)). On May 12, 2023, Judge Bucklo granted in part defendants' motion in limine by barring plaintiff from presenting evidence in support of her claim for actual damages which leaves statutory damages as the only issue to be resolved at trial. (Dckt. #69; Dckt. #71 (May 12, 2023 transcript) at 11-13).

At a status hearing before this Court on November 2, 2023, plaintiff confirmed her willingness to waive her right to a jury trial and to submit the issue of her entitlement to statutory damages and an award of attorney's fees and costs to the Court for resolution. However, defendants – who have relied on plaintiff's jury demand – declined to waive their right to a jury trial and insist that a jury must determine what statutory damages (if any) – up to a maximum of $1,000 – that plaintiff is entitled to. Consequently, the Court set this matter for a jury trial on December 12, 2023 and the parties' motions in limine are ripe for disposition.

Before turning to the specifics of the parties' motions, the Court notes that the decision to bar plaintiff's claim for actual damages has simplified the issues and narrowed the focus at the forthcoming trial. As the FDCPA provides, and the parties agree, the amount of statutory damages to be awarded to plaintiff will be determined by consideration of "'the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.'" *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995), *quoting* 15 U.S.C. §1692k(b)(1). Thus, the focus will be on defendants and their conduct, and not upon plaintiff.

The parties have also agreed to the following stipulation of background facts to frame the remaining issue of statutory damages for the jury:

2

> Plaintiff incurred a consumer debt, and her account went into default after she became unable to pay it. LVNV later became the owner of the defaulted debt, and Resurgent was the servicer responsible for collection.
>
> After Resurgent began collection efforts, Plaintiff consulted attorneys, who on January 21, 2021, sent a letter to Defendants stating that "the amount reported is not accurate." Defendants received the letter on February 1, 2021. On February 3, 2021, Defendants reported Plaintiff's debt to TransUnion but failed to note that the debt was disputed.
>
> The next reporting cycle for Plaintiff's account closed on March 3, 2021. At that time, Defendants correctly reported that her debt was disputed.

(Dckt. #62 at 2).

## II. Plaintiff's Motion in Limine

In her motion in limine, plaintiff asserts that: (1) her motives in filing her FDCPA action are irrelevant, immaterial, and prejudicial; (2) her financial status or history and the debt's validity are irrelevant; and (3) the motives of plaintiff's counsel (*i.e.*, the desire for an award of attorney's fees) are irrelevant. (Dckt. #64 at 2-8). Defendants – who do not oppose plaintiff's effort to bar evidence of her attorneys' motivations – do oppose plaintiff's effort to bar evidence pertaining to the first two categories, arguing that such evidence is relevant to plaintiff's claim for actual damages. (Dckt. #66 at 2-5). However, because actual damages are no longer at issue, the Court will grant plaintiff's motion to the extent that she seeks to bar evidence related to her motives in filing this FDCPA action, her financial status/history (including the fact that she filed for bankruptcy), the debt's validity, and her attorneys' motivations.

Next, plaintiff seeks to bar defendants from presenting any testimony from any corporate representatives who have not been identified and previously produced for deposition. (Dckt. #64 at 8). Plaintiff deposed two corporate representatives (Katherine Heatherly and Pamela Holladay), whom defendants produced in response to plaintiff's Rule 30(b)(6) deposition notice,

3

Case: 1:21-cv-01948 Document #: 82 Filed: 11/08/23 Page 4 of 11 PageID #:1636

and she argues that defendants should be limited to relying on their testimony (either live or by deposition) at trial. (*Id*.).

Defendants oppose this aspect of plaintiff's motion. They assert that they identified the name of a corporate representative who "may be called to testify" in the pretrial order as follows:

> A corporate representative of Defendant Resurgent Capital Services LP may be called to testify at trial. At this time Defendants believe it will be Mr. Stephen Torres, but as a trial date has not been set yet, Defendants may need to substitute a different person for this corporate representative.

(Dckt. #66 at 5 (citing Dckt. #63 at 2)). Thus, defendants' "identification" of a corporate representative is still vague because they have reserved for themselves the right to present a different, as yet unidentified, corporate representative at trial if Torres is unavailable. Nonetheless, defendants further assert that because they are corporations, they are entitled to "identify a corporate representative for trial, whose testimony at trial is subject to impeachment via the deposition testimony of another corporate representative." (Dckt. #66 at 5).

The Court disagrees. Rule 26(a)(1) required defendants to disclose the names of witnesses who are likely to have discoverable information about their defenses along with a description of the subjects on which the witnesses may testify. *See Risinger v. SOC, LLC*, 306 F.R.D. 655, 661 (D.Nev. 2015) (citing Fed.R.Civ.P.26(a)(1)(A)(i)); *Passarella v. NFI Interactive Logistics, LLC*, No. 12 C 4147, 2016 WL 6134541, at *4 (N.D.Ill. Oct. 20, 2016). But it is apparent that defendants did not disclose their intent to call Stephen Torres (or another yet to be identified corporate representative) until the parties filed their joint final pretrial order more than nine months after discovery closed on July 18, 2022, (Dckt. #32), because plaintiff would have otherwise deposed him. (Dckt. #64 at 8 (noting that plaintiff has been deprived of the opportunity to take his deposition)).

4

"When a party fails to properly identify a witness, the party is not allowed to use that witness at trial unless the failure was substantially justified or harmless." *Passarella*, 2016 WL 6134541, at *4. "In determining whether the failure to disclose was justified or harmless, the Court must consider Defendants' explanation for their delay [in disclosure], the importance of the information or witnesses that were belatedly disclosed, and any prejudice to Plaintiff[] if the witness[] [is] permitted to testify." *State Farm Mut. Auto Ins. Co. v. LaRocca*, No. 8:21-CV-2536-SCB-AEP, 2023 WL 6292455, at *2 (M.D.Fla. Sept. 11, 2023).

Defendants' apparent justification for failing to identify Torres (namely, that they – as corporations – have a right to have a corporate representative of their choosing testify at trial because their witness could be impeached by the deposition testimony of another corporate representative) is not supported by any authority.[1] *Id.*, at *2-3 (rejecting alleged "substantial justification" for failing to timely disclose a witness that was unsupported by any authority). Furthermore, to the extent that defendants have reserved the right to call some corporate representative other than Torres, courts have rejected the proposition that naming a general category like "corporate representative" is sufficient to properly disclose a witness who is expected to provide substantive testimony at trial. *See, e.g., Id.*, at *2 (citing cases); *Passarella*, 2016 WL 6134541, at *4; *Geico Cas. Co. v. Beauford*, No. 8:05CV697 T24EAJ, 2007 WL 2412953, at *4-5 (M.D.Fla. Aug. 21, 2007); *cf. Valdez v. Lowry*, No. 18 CV 5484, 2021 WL 47699533, at *18 & n.25 (N.D.Ill. Dec. 5, 2021) (allowing trial testimony of previously

---

[1] The case relied upon by defendants, *Hunter v. WirelessPCS Chicago LLC*, No. 18 CV 980, 2021 WL 4621889 (N.D.Ill. Oct. 5, 2021), is inapposite. That decision concerns a corporate party's obligation to provide a Rule 30(b)(6) deposition regarding a topic even if a corporate witness has previously testified about the topic in his personal capacity, *Hunter*, 2021 WL 4621889, at *8, and it does not address the consequences of a corporate party's untimely identification of a proposed trial witness.

5

undisclosed "keeper of records" where their testimony was limited to simply authenticating records).

Moreover, defendants have failed to explain the significance of the testimony that Torres is expected to provide or, even more importantly, why his testimony cannot be elicited from Heatherly and Holladay – their Rule 30(b)(6) witnesses who have been properly disclosed. *See State Farm*, 2023 WL 6292455, at *3 (citing defendants failure to state why the proposed testimony from the proposed witness could not "be elicited from a properly disclosed witness" as a factor in finding that defendants' untimely disclosure was not substantially justified).

Finally, the Court finds that defendants' untimely failure to identify Torres as a trial witness was not harmless because plaintiff has been deprived of the opportunity to depose him. *Passarella*, 2016 WL 6134541, at *4 ("it is surely not harmless to seek to call eight witnesses who were never before identified and whom Defendant did not have the opportunity to depose."); *Shannon Schweyen v. University of Montana-Missoula*, No. CV 21-138-M-DLC, 2023 WL 7157131, at *5 (D.Mont. Oct. 31, 2023) (party suffered actual prejudice as a result of opponent's failure to disclose declarants because it was "denied an opportunity to depose or cross-examine these witnesses."); *Risinger*, 306 F.R.D. at 665 (barring defendants from calling witnesses who were not disclosed during discovery). The Court further finds that plaintiff lacks sufficient information to cross-examine Torres because she has no idea of the content of his proposed testimony.

For these reasons, the Court finds that defendants' failure to timely disclose Torres (or some other as yet identified corporate representative) as a person with knowledge of their defenses is neither substantially justified nor harmless within the meaning of Rule 37(c)(1) and

defendants are barred from offering Torres, or any corporate representative other than Katherine Heatherly and Pam Holladay, as witnesses at trial.

Lastly, plaintiff seeks leave to use Pam Holladay's Rule 30(b)(6) deposition testimony at trial because she no longer works for defendants and is unavailable within the meaning of Federal Rule of Evidence 804(a)(5) because she lives in South Carolina. (Dckt. #64 at 9). Holladay, according to plaintiff, testified "regarding Defendants noncompliance with the FDCPA and that their policies and procedures related to mail process[ing] were designed to violate the FDCPA." (*Id.*). Defendants do not dispute that Holladay is unavailable to plaintiff or that her testimony might undercut their defense to plaintiff's claim for statutory damages. Instead, defendants assert that plaintiff should be barred from using Holladay's deposition transcript because she failed to include designations from the deposition in the final pretrial order. (Dckt. #66 at 6-7).

The Court construes this aspect of plaintiff's motion as a request to modify the final pretrial order to permit deposition designations from Holladay's testimony, which is permissible in order to prevent manifest injustice. Fed.R.Civ.P. 16(e). In deciding whether to exercise its discretion to modify the pretrial order, the court considers: "(1) the prejudice or surprise to the nonmoving party, (2) the ability of the party to cure the prejudice, (3) the extent of the disruption to the orderly and efficient trial of the case or other cases in the court, and (4) the bad faith and willfulness in failing to comply with the court's order." *Ryan v. Illinois Dep't of Child. & Fam. Servs.*, 185 F.3d 751, 763 (7th Cir. 1999). Here, defendants are neither prejudiced nor surprised by plaintiff's desire to rely on Holladay's testimony. Plaintiff identified her as a trial witness in the joint pretrial order, (Dckt. #63 at 2), and defendants are well aware of her testimony and knowledge as they produced her as one of their Rule 30(b)(6) witnesses. Moreover, the Court

7

will permit defendants to make counter-designations from Holladay's deposition and, as stated above, they are free to call her as a live witness at trial. Finally, permitting plaintiff to submit deposition designations will not delay the scheduled trial in this case and there is no evidence that plaintiff acted in bad faith.

Under these circumstances, the Court finds that it would be manifestly unjust to deny plaintiff the opportunity to rely on Holladay's highly relevant Rule 30(b)(6) deposition testimony. The parties are ordered to file with the Court on or before November 22, 2023, a chart containing the following information: (1) a listing, by page and line, of the testimony that each side seeks to present from the Rule 30(b)(6) deposition of Holladay; (2) a concise statement of objections to any testimony and the basis for the objection; and (3) a concise statement of the asserted basis of admissibility. The parties are directed to exchange their proposed designations by November 17, 2023 and they should meet and confer prior to filing their chart to attempt to resolve any objections.

**III.     Defendants' Motion in Limine**

Defendants' motion in limine asserts that fifteen lines of argument or types of evidence should be barred from the upcoming trial. (Dckt. #65; Dckt. #65-1). Plaintiff does not object to the defendants' motion to the extent that it seeks to bar evidence of the following: (1) conversations and transactions between defendants and their attorneys; (2) prior claims for money and injuries against defendants or defendants' crimes or misconduct; (3) settlement discussions; (4) plaintiff's attorneys fees, costs, and expenses; (5) identifying issues with a particular party; (6) comparisons to similar cases; (7) reference to claims or causes of action outside the pleadings or disclosures; (8) the golden rule; and (9) comments regarding defendants'

8

compliance with discovery, rulings on evidence or motions in limine, and requests for discovery. (Dckt. #68 at 1). Accordingly, defendants' motion is granted as to these issues.

Plaintiff also conditionally objects to four other lines of argument or types of evidence:

First, plaintiff does not object to defendants' request to bar disparaging remarks concerning debt or debt purchasers except to the extent that it would prevent her from testifying regarding her experience with defendants or how defendants' violations of the FDCPA affected her. (Dckt. #68 at 3). Given the Court's prior ruling barring plaintiff from presenting evidence as to her actual damages, plaintiff will be barred from testifying as to how defendants' violations of the FDCPA affected her. Moreover, plaintiff will be permitted to testify regarding her experience with defendants only insofar as it is necessary to provide background information sufficient to allow the jury to evaluate plaintiff's claim for statutory damages.

Second, plaintiff does not object to defendants' request to bar discussion as to the debt buying industry, including but not limited to how, and for what amounts, accounts are purchased, except to the extent that plaintiff should be permitted to question defendants regarding the facts that LVNV owns the debt, and Resurgent, at the instruction of LVNV, attempted to collect the debt, and the methods it used to do so. (Dckt. #68 at 4). Plaintiff's caveat to this request is within the scope of the parties' proposed stipulation (see above in Section I) and defendants' request to bar this type of discussion is otherwise granted.

Third, defendants seek to bar evidence of their financial, economic, or insured status. Plaintiff does not object to defendants' request insofar as it relates to the existence of liability insurance in either the evidentiary portion of the trial or argument, but she does assert that "the existence of liability insurance is permissible for *voir dire*" once it is shown that insurance coverage has any role in the case. (Dckt. #68 at 4-7 & n.8). At this juncture, the issue of

insurance coverage is seemingly irrelevant to the one matter which must be determined by the jury. Defendants are not going to mention their insurance coverage (if any) nor is there any legitimate reason for plaintiff to raise the issue. There is no question that defendants have the wherewithal to pay up to $1,000 in statutory damages if the jury orders them to pay it. Consequently, defendants' request to preclude this line of inquiry is granted.

Fourth, defendants seek to bar plaintiff from making statements to the jury to the effect that it should "send a message" to the defendants. Plaintiff does not object to this request except to the extent that she should be permitted to present evidence regarding the statutory factors necessary to establish her entitlement to statutory damages.[2] The Court agrees that plaintiff should not be precluded from presenting such evidence to establish statutory damages and defendants' request is granted subject to this caveat.

Finally, plaintiff objects to defendants' two remaining requests, which pertain to matters that have been resolved in connection with plaintiff's motion in limine. In particular, defendants seek to bar plaintiff from soliciting evidence on, or making any mention of, the possible or probable testimony of any witness who is absent, unavailable, or not called to testify in this action. (Dckt. #65-1 at 6). In her objection, plaintiff references defendants' plan to replace the corporate representatives who testified at defendants' Rule 30(b)(6) deposition with another corporate representative and their desire to use the deposition transcripts from the Rule 30(b)(6) witnesses to impeach defendants' new corporate representative. (Dckt. #68 at 7). The Court has resolved this issue (see above in Section II). Accordingly, defendants' motion as to absent

---

[2] In particular, plaintiff will seek to present evidence from defendants' corporate representatives "including their admissions that they have a mail processing policy and credit policy designed to violate the FDCPA, and their employees and corporate witnesses are unapologetic about Defendants' shortcomings to the point of testifying that 'I don't know what makes your client so special' and arguing that processing mail within seven business days and not falsely reporting to credit reporting agencies in the interim is 'completely unreasonable.'" (Dckt. #68 at 11).

witnesses is granted subject to the Court's ruling on this issue in connection with plaintiff's motion in limine. Lastly, defendants seek to bar evidence that was not timely disclosed. The evidence in question pertains to plaintiff's now barred claim for actual damages, (Dckt. #65-1 at 7-10), and defendants' request to bar such evidence is granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion in limine, (Dckt. #64), is granted, and defendants' motion in limine, (Dckt. #65), is granted in part and denied in part on the terms stated in this Order.

**Date: November 8, 2023**

**Jeffrey I. Cummings**
**United States District Court Judge**