IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action 21-cv-01948 |
| v. | ) | |
| | ) | |
| LVNV FUNDING LLC and RESURGENT CAPITAL SERVICES, LP., | ) ) ) | Hon. Jeffrey I. Cummings |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S _OPPOSED_ MOTION TO STRIKE THE DECLARATION
OF MANUEL H. NEWBURGER AND _UNOPPOSED_ MOTION FOR
AN EXTENSION OF TIME TO FILE A REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

NOW COMES Plaintiff Valerie Thomas ("Plaintiff"), by counsel, and moves this Court for an order striking the Declaration of Manuel H. Newburger filed by Defendants, LVNV Funding LLC and Resurgent Capital Services, L.P. (collectively, "Defendants") and for an extension of time to file her reply in support of her Motion for an Award of Attorneys' Fees and Costs, and in support thereof states as follows:

**I.      Introduction:**

In their Response (the "Response") to Plaintiff's Motion for an Award of Attorneys' Fees and Costs (the "Fee Motion"), Defendants attached the Declaration of Manuel H. Newburger (the "Newburger Declaration"). [ECF No. 105 and 105-2]. The Newburger Declaration drives off the paved road of civility onto the dirt road of salacious, inflammatory and false personal and professional attacks on Plaintiff's counsel continuing a long track record of misconduct by bringing a personal dispute among attorneys front and center into a motion regarding a mandatory fee request under the FDCPA.

1

Aside from the *ad hominem* attacks, the Newburger Declaration improperly (a) seeks to introduce "expert" opinion testimony from a biased attorney with a striking conflict of interest, (b) expands the briefing page limit set by this Court in its local rules, (c) raises ethical complaints inappropriate for determination by this Court, and (d) expands the scope of the issues raised in Plaintiff's Fee Motion. The Newburger Declaration should be struck in its entirety.

Based on the wide-ranging issues in the Newburger Declaration, Plaintiff cannot adequately submit her reply in support of her Fee Motion until she knows which, if any, issues in the Newburger Declaration the Court might consider in determining her attorney fee award and requests additional time to file her reply in support of her Fee Motion until the Court first rules on her motion to strike.

II. The Newburger Declaration:

First, the Newburger Declaration is Defendants' counsel's "opinion" about the merits of this case, which have already been adjudicated, and about Plaintiff's counsel. The words "opinion" or "my opinion" appears 32 times over 20 pages. The opinion of Defendants' counsel is of no probative value to this Court. The "opinion" cites very little, if any, case law – aside from the declarant's own resume – and no relevant statutory authority related to an award of attorneys' fees and costs under the FDCPA other than an accusation that, in his opinion, Plaintiff has failed to address all the elements in *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995) an undeveloped argument that already appears in Defendant's brief.

Further, the Newburger Declaration is a 20-page "airing of the grievances" by Mr. Newburger against Michael Wood and Celetha Chatman, two of Plaintiff's attorneys. It accuses Mr. Wood and Ms. Chatman, and their law firm, Community Lawyers LLC of:

- Manufacturing Plaintiff's claim in this case. Newburger Declaration, p. 9;

- Making false statements of material fact in the dispute letter that is the subject matter of this case, referencing Rule 4.1 of the Illinois Rules of Professional Conduct. *Id.*, p. 10;

- Sending a letter in this case, and many others, that does not say the word "dispute" even though his clients acknowledged that they recognized the letter at issue as a dispute letter and treated it as such in an effort to "trick" Defendants. *Id.*, p. 11;

- Attempting to profit off of his clients' failure to comply with the requirements of the FDCPA. Id., pp. 7-20.

In addition, Mr. Newburger:

- Alleges that Ms. Chatman had been sanctioned in previous cases, without providing a citation or accurately describing the conditions that led to such sanction. *Id.*, p. 18;

- States that he is familiar with the reputation of Ms. Chatman and that it is not one for competency, skill or professionalism. *Id.*, p. 18.

Intertwined in his inflammatory and unsupported allegations, Mr. Newburger offers "opinion" argument regarding ten of the *Tolentino* factors that Defendants ostensibly were unable to address in their brief in opposition to Plaintiff's Fee Motion. This was a transparent attempt to make an end-run around the Court's page limitations, while offer "argument" to support the Defendants opposition to Plaintiff's Fee Motion under the guise of expert testimony.

    The Newburger Declaration is offered for an unclear purpose, except perhaps to smear the reputation of Plaintiff's counsel in an attempt to gain favor with the Court, and to reduce the fees and costs the Court may award to Plaintiff. Mr. Newburger, however, had three years to turn his "opinion" regarding the alleged conduct of Plaintiff's attorneys into admissible facts, but he failed to do so (or even raise the issue with Plaintiff, Plaintiff's attorneys or the Court). He manufactured this argument out of whole cloth because he likely informed his clients that they would succeed at trial, but the jury disagreed. His clients lost. Mr. Newburger's malicious attempt to save face by

3

casting unsupported and factually inaccurate aspersions at Plaintiff's counsel should not be tolerated by this Court.

### III. Argument in Support of Motion to Strike the Newburger Declaration:

While Plaintiff recognizes that generally motions to strike are disfavored, Fed. R. Civ. P. 12(f) provides a mechanism to strike briefs and pleadings that contain "redundant, immaterial, impertinent, or scandalous matter[s]." *See, Custom Vehicles, Inc. v. Forest River, Inc.,* 464 F.3d 725, 727 (7th Cir. 2006). The Newburger Declaration contains all of these. In addition, the testimony: contains "expert" testimony from an attorney who is actively representing a party creating an insurmountable conflict of interest, and is a blatant violation of this Court's local rules and standing order.

#### A. The Newburger Declaration Offers Expert Testimony and Mr. Newburger Has Not Been Qualified as an Expert

Mr. Newburger spends seven pages of the Newburger Declaration setting forth his experience as an attorney. It is not clear why Mr. Newburger spends so much time and space setting forth his biography, but it appears he is attempting to testify as an expert on the issue of Mr. Wood and Ms. Chatman. The Newburger Declaration, however, is inadmissible under FRE 702, as Mr. Newburger has not been qualified as an expert on attorneys' fees, and such testimony is neither helpful to the Court or probative of any issue before the Court. Moreover, Mr. Newburger is disqualified as an expert as there is a conflict of interest based on his representation of Defendants and his demonstrative bias towards Plaintiff's counsel.

Expert testimony is only admissible if the proponent demonstrates to the Court that it is "more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods;

4

and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." FRE 708. "An expert may be excluded if the expert has a clear conflict of interest or bias of an extraordinary degree." *El Ansari v. Graham*, 2019 U.S. Dist. LEXIS 129997, *18-19 (S.D.N.Y. Aug. 2, 2019) (citing *Lippe v. Bairnco Corp.*, 288 B.R. 678 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 274 (2d Cir. 2004) (finding expert disqualified where expert is proffering party's attorney)); *see also, Oasis Indus. v. G.K.L. Corp.*, 1995 U.S. Dist. LEXIS 15233, *12 (Oct. 8, 1996); *American Sterilizer Company v. Surgikos Inc*. 1992 U.S. Dist. LEXIS 21542, *24 (N.D. Tex. 1992) (finding clear conflict of interest when previous attorney-relationship existed between expert and party, but also finding waiver based on progress of litigation).

      Here, Mr. Newburger is actively representing Defendants in this case. He was the primary trial counsel, cross-examined witnesses, made closing arguments and was the primary attorney arguing Defendant's position outside the presence of the jury. He cannot be both a retained attorney actively representing a party and an expert witness on that party's behalf. Moreover, Mr. Newburger's testimony demonstrates his extreme bias related to Mr. Wood and Ms. Chatman. The conflict of interest alone is sufficient to bar his testimony and strike the Newburger Declaration, and his demonstrated bias renders his opinion about Plaintiff's counsel's fees to be untrustworthy and inadmissible. This is true whether he is disqualified under Fed. R. Evid. 407 or that the testimony is extremely prejudicial under Fed. R. Evid. 403.

      Even if the Court were to consider it, the Newburger Declaration is full of unsupported (and false) factual allegations with no citation to any record. He includes no facts or data sufficient to establish his theories (because none exist) and essentially admits that he had three years to develop such facts, but failed to do so. He does not establish any methodology by which he makes these baseless allegations, or that his opinion is accepted in any industry, or by which standards

5

his opinions are measured. He simply states that he has been an attorney for a really long time, and then runs wild with speculation about matters already decided in this case by summary judgment and by a fact finder. He is not qualified or competent to provide expert testimony in this case, and his "opinion" testimony must be struck from the record as inadmissible under FRE 708 and FRCP 12(f).

### B. The Newburger Declaration Violates this Court's Page Limitation on Briefing

The Local Rules for the United States District Court for the Northern District of Illinois (the "Local Rules") limits briefs to fifteen pages unless the party seeks leave from the Court to file a larger brief. *See*, L.R. 7.1. This Court, in its own standing order (the "Standing Order"), admonishes parties to abide by the local rules in this District. Specifically, the Court states that "[a]bsent prior approval of the court, all briefs in support of or in opposition to any motion shall comply with the fifteen (15) page limit set forth in Local Rule 7.1." Standing Order, Civil Motion Practice. The Newburger Declaration violates both the Local Rules and this Court's Standing Order by offering "opinion" argument that exceeds the 15-page limit without seeking Court approval to file an enlarged brief. This alone is grounds for striking the improper arguments by Defendants thru the Newburger Declaration.

### C. The Newburger Declaration Improperly Expands on the Scope of the Fee Motion

The Newburger Declaration addresses issues that are not germane to the Fee Motion. Instead, it attempts to rehash merits arguments that have already been decided, and to intertwine unsupported and baseless accusations and opinion into its response in an effort to curry sympathy from the Court by launching unsupported *ad hominem* attacks on counsel. This testimony is belied by the fact that this case has been pending since 2021, and Defendants never made these allegations

during briefing on summary judgment or during the trial on damages at which the jury awarded statutory damages against Defendants. Defendants had more than three years to develop these allegations, but never even sought information about any of the incendiary allegations during discovery, never argued the allegations and never approached Plaintiff's counsel or the Court regarding the allegations. They have no evidence of any of the allegations contained in the declaration, and Plaintiff and her counsel deny the allegations strenuously.

The response to the Fee Motion and the Newburger Declaration in support are not responsive to the Fee Motion. They arguments regarding the merits of Plaintiff's claim, which has already been decided. The allegations regarding the merits of Plaintiff's claim are immaterial at this juncture, while the remainder of the allegations are impertinent, scandalous and well outside the scope of any issue germane to whether Ms. Thomas has established that the fees she is requesting are reasonable and necessary.

### D. The Newburger Declaration Raises Ethical Complaints Inappropriate for Determination By this Court in this Manner

The Defendants in this case never filed a Rule 11 motion, and did not seek to have Plaintiff's counsel disqualified for any ethical violation in filing this case. Frankly, such a motion would have been a violation of Rule 11. Instead, Defendants vigorously fought this case. They never brought to Plaintiff's, Plaintiff's counsel or the Court's attention that they suspected any of the allegations contained in the Newburger Declaration. Mr. Newburger brings these allegations now only to save face and sling mud at Plaintiff's counsel after he lost a trial on behalf of his primary client. Absent a motion for disqualification or a motion under Fed. R. Civ. P. 11, the appropriate forum to lodge an ethics complaint of this nature is with Illinois Attorney Registration and Disciplinary Commission (the "IARDC"). Mr. Newburger undoubtedly knows this given his recursive reference to his own ethics counsel who advises him that Plaintiff's counsel is anything

7

but. This leaves one to wonder whether such an allegation would be baseless and would result in sanctions against Mr. Newburger, an Illinois licensed attorney, for lodging false accusations against opposing counsel for the purposes of harassment.

### E. The Newburger Declaration Violates the Rules of Civility and Decorum in Illinois Courts, and Rule 12(f) of the Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure, Rule 12(f) permits the striking of "scandalous matters" included in a filing. Further, the rules governing attorney conduct in Illinois require that "a lawyer shall not engage in argument that is deliberately disruptive or inflammatory." E.g. Cook County Rules of Attorney Conduct § 13.11(a)(x) (Decorum, Fairness and Administration). Broad and unsupported allegations of ethical violations and untruthfulness in a court proceeding are no doubt a "scandalous matter" under Fed. R. Civ. P. 12(f) and the allegations lodged by Mr. Newburger vis-à-vis the Newburger Declaration are deliberately disruptive and inflammatory. Indeed, stung by the loss of a case he was sure he was going to win; he has lashed out in the most personal, unprofessional and vicious way possible by attacking Plaintiff's counsel under the ruse of providing expert witness "opinion" testimony while making additional and unsupported arguments in violation of procedural, substantive and evidentiary rules. These attacks shed light on whether the attorney crying foul is gazing into the abyss.[1]

### IV. Request for an Extension of Time

While Plaintiff recognizes that, generally, the Motion to Strike is a disfavored method of disposing of extraneous material from the record, Plaintiff cannot adequately and robustly reply to the discrete issues raised in her Fee Motion given the unhinged nature of and false accusations

---

[1] *See*, "Whoever battles monsters should see to it that in the process he does not become a monster himself. And when you look long into the abyss, the abyss also looks into you." F. Nietzsche (*Beyond Good and Evil: Prelude to a Philosophy of the Future* (1886), Chapter IV. Apothegms and Interludes, §146); see also, "The lady doth protest too much, me thinks." W. Shakespeare, *Hamlet*, Act III, Scene ii.

contained in the Newburger Declaration. Plaintiff requests an extension of time to file her reply in support of her Fee Motion until 21 days after the Court issues its order regarding her Motion to Strike. Plaintiff has established good cause for the request as nearly all of the Newburger Declaration is either improper, "opinion" argument, salacious and scandalous, or irrelevant. Defendants will not be prejudiced by this request as they chose to file the Newburger Declaration, and there are no pressing issues left for the Court to resolve except the issues raised in the Fee Motion.

## V. Proposed Briefing Schedule

On April 3, 2024, prior to filing this Motion, Plaintiff's counsel informed Defendants' counsel of its intent to file both the Motion to Strike and the Motion for Extension of Time to file a reply in support of the Motion for an Award of Attorneys' Fees. Defendants' counsel responded that Defendants opposed the Motion to Strike, but did not oppose the Motion for Extension of Time. Defendants requested 21 days to respond to the Motion to Strike. Accordingly, Plaintiff proposes the following briefing schedule: (1) Defendants' response is due on or before April 26, 2024; (2) Plaintiff's reply is due on or before May 17, 2024.

## VI. Conclusion:

WHEREFORE, Plaintiff, Valerie Thomas respectfully requests that this Honorable Court enter an order striking the Declaration of Manuel H. Newburger, and granting Plaintiff an extension of 21 days from the date the Court enters an order striking the Newburger Declaration for her to file her reply in support of her Motion for an Award of Attorneys' Fees and Costs.

Dated: April 4, 2024.

Respectfully submitted,

*/s/Seth McCormick*
Seth McCormick
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
P: (312) 971-6787
E:seth@glclf.com

Celetha Chatman
Michael Wood
Community Lawyers, LLC
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on April 4, 2024, he caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

By: s/ *Seth McCormick*
Seth McCormick